UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HEATHER P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C22-5458-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff appeals a final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's applications for disability benefits after a hearing before an administrative law judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for an immediate award of benefits.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1982.[1] Plaintiff has at least a high school education and previously worked as a general duty nurse and an office nurse. AR 33. Plaintiff filed an application for Disability Insurance Benefits (DIB) and an application for Supplemental Security Income (SSI)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

on January 16, 2019, alleging disability beginning June 13, 2018. AR 18. The applications were denied at the initial level and on reconsideration. On April 6, 2021, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 278–315. On May 26, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 18–35. Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on May 13, 2022, making the ALJ's decision the final decision of the Commissioner. AR 1–6. Plaintiff appeals the final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings are supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). "Substantial evidence" means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 20.

At step two, the ALJ found that Plaintiff has the following severe impairments: rheumatoid arthritis; diabetes; thoracolumbar degenerative disc disease, status-post laminectomy; cervical degenerative changes; bilateral knee effusion and right knee osteoarthritis; obesity; major depressive disorder; generalized anxiety disorder with panic attacks; social anxiety disorder; and migraine headaches without status migrainosus, not intractable, unspecified migraine type. AR 20.

At step three, the ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. AR 21.

At step four, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> She can stand and/or walk for up to two hours in an eight-hour workday and can sit for up to six hours. She can frequently climb ramps and stairs and can never climb ladders, ropes, or scaffolds. She can frequently balance and stoop, occasionally kneel and crouch, and never crawl. She can occasionally reach overhead and frequently handle and finger. She can tolerate frequent exposure to cold, vibrations, noise, and hazards such as unprotected heights and dangerous machinery. She is limited to unskilled work consistent with jobs with an SVP of 2 or less, in a work environment without conveyor belt-paced production requirements and where standard work breaks are provided. Work duties should not require interaction with the public and only with a limited number of co-workers, and work should have clear requirements with only occasional workplace changes where goals are set by others.

AR 25. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 33.

At step five, the ALJ found that Plaintiff retains the capacity to make an adjustment to work that exists in significant numbers in the national economy. AR 34–35. With the assistance of a VE, the ALJ found Plaintiff capable of performing the requirements of representative occupations such as electronics worker, buckle inspector, and hand finisher. AR 34.

ORDER
PAGE - 3

Plaintiff argues that the ALJ erred by (1) rejecting two medical opinions; (2) failing to resolve a conflict between the RFC and the VE testimony regarding the jobs identified at step five; (3) rejecting Plaintiff's symptom testimony; (4) rejecting the lay witness testimony; and (5) assessing an RFC that is incomplete. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Medical Opinion Evidence**

The regulations effective March 27, 2017, require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id.* at §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2). Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

A. <u>Dr. William Wilkinson, Ed.D.</u>

Dr. Wilkinson examined Plaintiff on January 18, 2019, and assessed Plaintiff with severe limitations in Plaintiff's ability to maintain appropriate behavior in a work setting and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 1197–1204. Dr. Wilkinson further assessed Plaintiff with marked limitations in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within

ORDER
PAGE - 4

customary tolerances without special supervision and with moderate to none or mild limitations in all other areas of basic work activities. AR 1199. The doctor assessed Plaintiff's overall severity rating as marked. AR 1199.

The ALJ found Dr. Wilkinson's opinion unpersuasive. AR 31. The ALJ found that the doctor's opinion "seems to be largely based on the claimant's subjective statements regarding her conditions, with her mental status exam performance revealing few significant abnormalities." AR 31. The ALJ further found that Dr. Wilkinson's assessment of "marked and extreme limitations" to be inconsistent with Plaintiff's normal mental status assessments in the record. AR 31.

Plaintiff argues that the ALJ improperly rejected Dr. Wilkinson's opinion based on finding that the doctor relied on Plaintiff's self-reports. Dkt. 10, at 4–5. "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). During the mental status examination, Dr. Wilkinson noted that Plaintiff was dressed appropriately, had regular speech, was cooperative, and performed within normal limits in areas of thought process and content, orientation, perception, memory, fund of knowledge, concentration, abstract thought, and insight and judgment. AR 1200–01. The doctor further noted that Plaintiff did well at the examination tasks, "appear[ed] to be a good learner," had full eye contact, appeared tired but alert, "has a sense of humor and can laugh," and "is a good verbalizer." AR 1200. Although Dr. Wilkinson noted that Plaintiff's mood was anxious, on edge, and depressed, and that her affect was congruent with her mood, the doctor's notes included quotation marks, which reasonably indicate that Plaintiff's mood was self-reported. AR 1201. Because Dr. Wilkinson's clinical findings showed no abnormalities other than what Plaintiff self-reported, the ALJ reasonably found

ORDER
PAGE - 5

the doctor's opinion to be largely based on Plaintiff's subjective statements, and the ALJ's rejection of Dr. Wilkinson's assessment of marked and severe limitations has the support of substantial evidence.

B. Dr. April Hunziker, M.D.

Dr. Hunziker examined Plaintiff on May 5, 2019, and assessed that Plaintiff's has a "good" ability to perform simple and repetitive tasks as well as detailed and complex tasks, and to perform work activities on a consistent basis without special or additional instructions. AR 1226–32. Dr. Hunziker further assessed that Plaintiff has a "fair" ability to perform work duties at a sufficient pace, to maintain regular attendance in the workplace and complete a normal workday without interruptions, and to interact with coworkers and superiors and the public and adapt to the usual stresses encountered in the workplace. AR 1231. The doctor further noted that Plaintiff's "severely low mood and motivation would likely decrease attendance, but this would be expected to improve with treatment." AR 1231.

The ALJ found Dr. Hunziker's opinion "somewhat" persuasive. AR 32. The ALJ found that the doctor's use of the terms "good" and "fair" were vague, but that Dr. Hunziker's opinion was well supported by her examination of Plaintiff and is generally consistent with the record "noting the claimant's reports of poor concentration, difficulties socializing, and problems managing her moods relative to her health concerns." AR 32.

Plaintiff argues that the ALJ erred by failing to include limitations in the RFC related to Dr. Hunziker's opinion that Plaintiff would have "only a 'fair' ability to 'maintain regular attendance in the workplace and complete a normal workday.'" Dkt. 10, at 6 (quoting AR 1231). An ALJ may discount a medical opinion that fails to provide "useful statements regarding the degree of [the claimant's] limitations." *Ford. v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Here,

ORDER
PAGE - 6

the ALJ found that Dr. Hunziker's use of the terms "good" and "fair" were "difficult to apply to an evaluation of the claimant's mental functional capacity." AR 32. Accordingly, the ALJ did not clearly include any additional limitations in the RFC based on Dr. Hunziker's opinion.[2] Because Dr. Hunziker did not identify any specific degree of functional limitation related to Plaintiff's ability to maintain attendance and complete a normal workday, the ALJ could reasonably conclude that the doctor's characterizations were inadequate for determining the RFC and conclude that additional limitations were not warranted based on the doctor's opinion. *See Ford*, 950 F.3d at 1156 (finding that the ALJ reasonably concluded that the terms "limited" or "fair" were inadequate for determining the RFC).

Further, because Dr. Hunziker's opinion did not assess any specific functional limitations, the RFC is not clearly inconsistent with Dr. Hunziker's opinion. Although the VE testified that "a person who misses more than one day of work per month on an ongoing basis will not be able to maintain employment," AR 310, Dr. Hunziker did not assess that Plaintiff would be absent from work more than one day a month or would be unable to maintain attendance within normal employer tolerances. *See Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (concluding that an ALJ did not need to provide clear and convincing reasons for rejecting a medical opinion that did not identify any specific limitations or conflict with the ALJ's RFC determination). Therefore, Plaintiff has not shown that the ALJ erred by failing to include in the RFC a specific limitation related to Plaintiff's ability to maintain attendance and complete a normal workday.

---

[2] Plaintiff concedes that the ALJ's opinion adequately accommodates Dr. Hunziker's opinion that Plaintiff had a "fair" ability to perform work at a sufficient pace and manage social interactions. Dkt. 10, at 6. However, it is clear from the ALJ's decision that the ALJ determined RFC limitations regarding unskilled work, pace, and social interaction based on the ALJ's review of Plaintiff's mental health records, which are not limited to Dr. Hunziker's opinion. *See* AR 30, 33.

ORDER
PAGE - 7

1  Plaintiff argues that the ALJ should have recontacted Dr. Hunziker to develop the record
2 further regarding the meaning of "good" and "fair." Dkt. 10, at 7. "An ALJ's duty to develop the
3 record further is triggered only when there is ambiguous evidence or when the record is inadequate
4 to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th
5 Cir. 2001). Here, the ALJ did not find that the evidence was ambiguous or that the record was
6 inadequate to evaluate the evidence. Rather, the record contains several mental health records and
7 opinions from Plaintiff's examining and non-examining mental health providers, which records
8 informed the ALJ's decision. *See* AR 30–33. Therefore, the ALJ's duty to develop the record
9 further was not triggered.

10 **2. Step Five**

11  The Commissioner has the burden at step five to show that the claimant is not disabled
12 because they can perform other work that exists in significant numbers in the national economy.
13 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). At step five, the ALJ found that Plaintiff is capable
14 of performing the representative occupations of electronics worker, buckle inspector, and hand
15 finisher, which are categorized as light work. AR 34.

16  Plaintiff argues that the ALJ failed to resolve a conflict between the VE's testimony that
17 Plaintiff would be able to perform the "light work" jobs identified at step five and the RFC limiting
18 Plaintiff to being on her feet only two out of eight hours of the day. Dkt. 10, at 8 (citing SSR 83-
19 10). The regulations define "light work" as work that "involves lifting no more than 20 pounds at
20 a time and frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§
21 404.1567(b) and 416.967(b). Although the regulations provide that a job may be categorized as
22 "light "when it requires a good deal of walking or standing," the regulations also provide that a
23 job may be categorized as "light" if it involves "sitting most of the time with some pushing and

ORDER
PAGE - 8

pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b); SSR 83-10. Here, the RFC provides that Plaintiff can sit for six hours of the day and does not limit Plaintiff's pushing or pulling of arm or leg controls. AR 20. The VE testified that an individual with the RFC's limitations is capable of performing the requirements of the jobs identified at step five and, further, that the jobs identified at step five "afford a sit-stand option." AR 309; *see Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017) ("[I]n the absence of any contrary evidence, a VE's testimony is one type of information that is regarded as inherently reliable; thus, there is no need for an ALJ to assess its reliability."). Therefore, Plaintiff has not shown that there is an inconsistency between the ALJ's RFC and the DOT's descriptions of the "light" jobs identified at step five regarding Plaintiff's standing and sitting limitations.

### 3. Subjective Testimony

The ALJ must provide specific, clear, and convincing reasons, supported by substantial evidence, for rejecting a claimant's subjective symptom testimony.[3] *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges that she cannot work because her impairments cause pain throughout her

---

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

body and "prevent her from being independent in her ADL's [activities of daily living] and requires the use of her cane." AR 608. Plaintiff alleges that her "inability to function independently has further impacted her mental health." AR 608. Plaintiff testified at the hearing that her rheumatoid arthritis makes it difficult for her to manipulate with her hands, that she experiences sharp and constant pain in her mid-back that occasionally travels down her legs, and that her pain triggers her depression and anxiety. AR 288–89. Plaintiff testified that she gets arthritis flares every three months or more that cause joint ache, swelling, and stiffness, limits her dexterity, and can last for a couple months. AR 292, 297. Plaintiff further testified that she gets migraines three times a month that last for about three or four days that cause nausea, difficulties with light, and severe pain. AR 295. Plaintiff also testified that she takes eye drops for diabetic neuropathy, which blurs her vision for about an hour. AR 295–96. Regarding her mental impairments, Plaintiff testified that she is "really depressed and anxious," has high anxiety, and would have a hard time returning to work. AR 302.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 27.

Plaintiff argues that the ALJ improperly rejected the totality of Plaintiff's symptom testimony based on inconsistencies regarding Plaintiff's use of a cane. Dkt. 10, at 10. The ALJ found that the records do not show that a cane is medically necessary and that "[t]hese inconsistencies [regarding Plaintiff's cane use] in particular undermine the claimant's allegations and testimony." AR 27. Citing *Turner*, the Commissioner argues that discrepancies in testimony regarding one subject allows the ALJ "to infer Plaintiff was not wholly credible regarding 'any

allegation of total disability.'" Dkt. 11, at 5. This case is distinguishable from *Turner*. In *Turner*, the Ninth Circuit found that the ALJ properly found the claimant "not entirely credible" because the claimant "made exaggerated statements about the intensity and persistence of his physical impairments." 613 F.3d at 1225. Here, the ALJ did not find that Plaintiff was exaggerating or malingering regarding the severity of her symptoms or her use of a cane. Therefore, to the extent that the ALJ relied on evidence that Plaintiff's use of a cane was not medically necessary to discredit Plaintiff's entire testimony, such reliance was error. *See Popa v. Berryhill*, 872 F.3d 901, 906–07 (9th Cir. 2017) ("An ALJ may consider inconsistent statements by a claimant in assessing her credibility. A single discrepancy fails, however, to justify the wholesale dismissal of a claimant's testimony." (internal citations omitted)).

Plaintiff argues that the ALJ failed to provide any reason for discounting Plaintiff's testimony regarding her limited dexterity. Dkt. 10, at 12. Plaintiff testified that her rheumatoid arthritis causes severe pain that affects her ability to do anything dealing with dexterity, such as writing, buttoning clothes, hooking necklace clasps, turning on faucets, and lifting up a glass of water. AR 297. The ALJ summarized the medical evidence related to Plaintiff's rheumatoid arthritis and found that those factors supported the ALJ's RFC determination for "frequent handling and fingering." AR 28. The ALJ, however, failed to identify which testimony the ALJ rejected or to explain how and why the evidence was inconsistent with that testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) ("[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination. . . . [W]e require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination."); *accord*

ORDER
PAGE - 11

*Smith v. Kijakazi*, 14 F.4th 1108, 1113 (9th Cir. 2021). Indeed, the evidence cited by the ALJ is largely consistent with Plaintiff's allegations. *See* AR 27 (citing medical records that described Plaintiff experiencing joint tenderness, pain, swelling, and inflammation, worsening symptoms, and reduced motion). Further, although the ALJ appears to rely on an April 2019 physical consultative assessment finding that Plaintiff had normal ability to gesture, no finger nodes, grossly normal joints, and normal grip, AR 27 (citing AR 1219–25), this evidence is not reasonably inconsistent with Plaintiff's testimony that her dexterity is limited by joint ache, swelling, and stiffness during flares of her arthritis. *See* AR 292, 297. Therefore, the ALJ failed to provide specific, clear, or convincing reasons for discounting Plaintiff's testimony regarding her fingering and handling limitations. This error was harmful because it resulted in an RFC determination that did not account for all of Plaintiff's limitations.

Plaintiff argues that, to the extent that the ALJ rejected Plaintiff's testimony based on evidence of Plaintiff's daily activities, the ALJ's reasoning was not clear or convincing. Dkt. 10, at 13. The Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009). As Plaintiff notes, inconsistency with evidence of Plaintiff's daily activities was "not specifically presented as a reason to find [Plaintiff's] testimony not credible." Dkt. 10, at 13. Because the ALJ did not identify inconsistencies with evidence of Plaintiff's daily activities as a reason for rejecting Plaintiff's symptom testimony, the Court does not consider this reasoning in reviewing the ALJ's decision.

**4. Lay Witness Testimony**

Plaintiff argues that the ALJ improperly discounted the lay witness testimony of Plaintiff's mother. Dkt. 10, at 15. "Lay testimony as to a claimant's symptoms is competent evidence that an

ORDER
PAGE - 12

ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).[4]

The ALJ found an adult function report submitted by Plaintiff's mother to be unpersuasive. AR 33. The ALJ found that, "while grossly normal with the claimant's subjective complaints, her [mother's] report tends to overstate the degree of limitation that could reasonably be expected to arise from the documented objective findings." AR 33.

Plaintiff argues that the ALJ failed to provide reasons germane to Plaintiff's mother for rejecting the lay witness' observations that Plaintiff has trouble using her hands. Dkt. 10, at 15–16. Inconsistency between the lay testimony and the medical record is a germane reason for discrediting lay testimony. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). However, an ALJ may not reject lay witness testimony based on its relevance or irrelevance to medical conclusions. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2008). Here, the ALJ did not find that Plaintiff's mother's report was inconsistent with the medical evidence. Rather, the ALJ found that Plaintiff's mother's report identified a greater degree of limitation than "could reasonably be expected to arise from the documented objective findings." AR 33. "[A] lack of support from the 'overall medical evidence' is also not a proper basis for disregarding [lay witness] observations." *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017); *see also Alo v. Berryhill*, 766 Fed. Appx. 512, 515 (9th Cir. 2019) ("Lay witnesses are not required to indicate whether their observations of the claimant's behavior stem from medically necessary limitations, as this would run counter to the purpose of considering lay testimony."). Therefore, the ALJ failed to provide germane reasons

---

[4] The Ninth Circuit has not yet addressed whether the 2017 regulations in relation to the standard of review for lay witness opinions.

ORDER
PAGE - 13

for discounting the lay witness testimony.

**5. RFC**

At step four, the ALJ must identify the claimant's functional limitations or restrictions and assess her work-related abilities on a function-by-function basis. *See* 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p. The RFC is the most a claimant can do considering his limitations or restrictions. *See* SSR 96-8p. The ALJ must consider the limiting effects of all of the claimant's impairments, including those that are not severe, in assessing the RFC. 20 C.F.R. §§ 404.1545(e), 416.945(e); SSR 96-8p.

Plaintiff argues that the RFC is incomplete because it does not include limitations related to Plaintiff's migraine headaches and panic attacks. Dkt. 10, at 16–17. Limitations from properly discounted evidence does not need to be included in the residual functional capacity finding. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 691–92 (9th Cir. 2009). Here, the ALJ found that Plaintiff's migraines were generally well controlled "with no indication of them occurring at the frequency alleged by the claimant." AR 29. However, the evidence cited by the ALJ indicates that Plaintiff experienced breakthrough migraines despite medication. *See* AR 2265. Additionally, the evidence cited by the ALJ does not discuss the frequency of Plaintiff's migraines or identify whether Plaintiff's migraine symptoms, including nausea, light sensitivity, and severe pain, were adequately controlled. *See* AR 295. Therefore, the ALJ failed to provide specific, clear, or convincing reasons for rejecting Plaintiff's testimony regarding her migraine symptoms, and the ALJ's error was harmful because the RFC failed to account for Plaintiff's limitations from her migraine impairment.

Regarding Plaintiff's panic attacks, Plaintiff testified at the hearing that her high anxiety would make it hard for her to return to work and that even having the conversation about it was

"triggering." AR 302. Plaintiff argues that the ALJ failed to include limitations in the RFC "with respect to her need for a break when she gets a panic attack." Dkt. 10, at 16–18. However, Plaintiff neither alleged nor provided evidence that she required such limitations. *See Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) ("[A]t all times, the burden is on the claimant to establish her entitlement to disability insurance benefits."). Further, the ALJ considered the medical evidence regarding Plaintiff's social anxiety and limited Plaintiff to work with no public interaction and limited interaction with co-workers. AR 25. Therefore, even if the ALJ erred in evaluating Plaintiff's allegations regarding her panic attacks, this error was harmless because the RFC included limitations that account for Plaintiff's social anxiety.

**6. Remedy**

The Court has discretion to remand for further proceedings or for an award of benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate award of benefits is an "extreme remedy" that is appropriate "only in 'rare circumstances.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)); *accord Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.").

Before remanding a case for an award of benefits, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude that "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id*. In doing so, the Court considers the existence of "'outstanding issues'" that must be resolved

before a disability determination can be made. *Id.* (quoting *Treichler*, 775 F.3d at 1105). Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021).

In this case, the first and second requirements have been met. As discussed above, the ALJ failed to provide specific, clear, or convincing reasons for rejecting Plaintiff's testimony that her rheumatoid arthritis limits her dexterity and that she experiences migraines three times a month for up to four days, which cause nausea, light sensitivity, and severe pain. The ALJ further failed to provide germane reasons for discounting the lay witness testimony. Regarding the second requirement, the record is not uncertain or ambiguous. Rather, the record contains over a thousand pages of medical records, and, as discussed above, the ALJ's evaluation of this evidence fails to identify any reasonable inconsistency with Plaintiff's allegations. Therefore, the Court concludes that the record is fully developed and further proceedings would serve no useful purpose.

Under the third requirement, the Court considers whether it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Plaintiff testified that pain, swelling, and joint tenderness from her rheumatoid arthritis limits her dexterity, and Plaintiff's mother testified that Plaintiff has trouble using her hands. AR 292, 297, 558. The VE testified that an individual limited to standing/walking for two hours who was further limited by occasional handling and fingering would be precluded from all work, asserting that "[i]f there is any unskilled work at sedentary, it's going to require at least frequent handling and fingering." AR 310. Based on the VE's testimony, Plaintiff would be precluded from maintaining gainful employment when properly crediting Plaintiff's subjective testimony and the lay witness testimony. Therefore, the

Court finds that the third requirement has been met and that this matter should be reversed and remanded for an award of benefits.

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for an immediate award of benefits.

DATED this 24th day of January, 2023.

MARY ALICE THEILER
United States Magistrate Judge